ATTORNEY GENERAL *vs.* FEDERAL STREET MEETING-HOUSE.

1. This court has no jurisdiction to review the proceedings of a State court merely on the ground that the defendant is a body politic, incorporated by an act of the State Legislature.

2. To sustain a writ of error from this court to the State court in such a case, it must appear from the pleadings, evidence, or decree, that the validity of the act of incorporation was drawn in question.

3. The validity of the act is not drawn in question where the defendants assert that they and those under whom they claim were owners of the land in dispute before the passage of the act, as well as afterwards, and where the plaintiffs assert title in themselves under a deed in no way connected with the act.

4. Where the act incorporating the defendants was a mere enabling act, passed while they were in possession, and intended for their convenience as owners, and other persons claim to be the true owners, the issue is on the original rights of the parties, without respect to the defendant's charter.

Writ of error to the Supreme Court of the State of Massachusetts.

The Attorney General of Massachusetts, at the relation of the Associate Reformed Presbyterian Synod of the State of New York, and others, ministers, elders, and members of the Presbyterian Church, filed an information in the Supreme Judicial Court of Massachusetts against the proprietors of the Meeting-house in Federal street, Boston, alleging that the land on which said meeting-house is built was conveyed in 1735, by its then proprietor, to trustees, to be held as a place for the preaching and maintaining of the doctrine, worship, and form of government of the Presbyterian Church of Scotland, which was Calvinistic and Trinitarian, teaching the Westminster confession of faith and catechisms; that the meeting-house continued to be used according to the trust expressed in the deed until 1786, when various changes were introduced into the Society, and it became *Congregational;* that this lasted until 1815, when the trust was wholly perverted and abused by the conversior of the congregation into a *Unitarian* Society.

In 1805, (while it was a Congregational Church,) the Legislature of Massachusetts incorporated "all persons who now are or who may hereafter be the proprietors of pews in the Congregational meeting-house situate on Federal street, Boston," by the name of "The Proprietors of the Meeting-house in Federal street, in the town of Boston," and declared that the said corporation should be deemed seized of the meeting-house, with its appurtenances, &c. The answer of the defendants sets forth, among other things, the act of incorporation, and avers that they were in possession long before the passage of that act; that they were in possession at the time of its passage, and have remained in possession ever since, as the undisputed owners of the premises. The State court dismissed the information, (3 Gray, 1,) and this writ of error was taken by the relators.

*Mr. Bartlett,* of Massachusetts, for the defendants, moved the court to dismiss the writ of error for want of jurisdiction. The judgment (he said) is sought to be reversed, and the power of this court to do it rests solely on the ground that the act incorporating the defendants was unconstitutional, whereas it does not appear that the validity of that act was in any manner drawn into controversy. Even if the validity of the act had been a question in the court below, and its validity had been sustained, there are various other grounds within the exclusive cognizance of the State court upon which this judgment must be affirmed.

The doctrine is now firmly established, that to give this court jurisdiction, it must appear by the record, or by clear and necessary intendment, that the question on which the jurisdiction is founded *must* have been raised, and *must* have been decided, in order to have induced the judgment. *Crowell* vs. *Randall,* (10 Peters, 368, 398.) That the question was necessarily involved in the decision, and that the State court could not have given the judgment or decree which they passed without deciding it. *Armstrong* vs. *Treasurer, &c.,* (16 Peters, 281, 285;) *Mills* vs. *Brown,* (16 Peters, 525;) *Smith* vs. *Hunter,* (7 How., 738;) *Neilson* vs. *Lagow,* (12 How., 98, 109;)

*Williams* vs. *Oliver,* (12 How., 111, 124;) *Grand Gulf R. R.* vs. *Marshall,* (12 How., 165, 167;) *Lawler* vs. *Walker,* (14 How., 149, 155;) *Maxwell* vs. *Newbold,* (18 How., 511, 515;) *Christ Church* vs. *Philadelphia,* (20 How., 26, 28.) It must appear either on the bill or answer, or decree of the court. *Mich. Cent. R. R.* vs. *Mich. South. R. R.,* (19 How., 379.) In this case the *bill* refers to the act of 1795 but once, and there avers in substance that it is valid. The *answer* avers that the defendants were owners before the date of the act, and continued to be in possession as owners afterwards. The *decree* simply orders the bill to be dismissed.

*Mr. Cushing,* of Massachusetts. The act of 1805 purports to transfer the seisin of the lands in dispute to the corporation, and thus impairs the obligation of the trust contract by which the premises were devoted to the religious uses of the Scottish Presbyterian Church. This wrong the State court refused to redress, and this court is bound to reverse the decree for that reason. *Fletcher* vs. *Peck,* (6 Cranch, 87;) *New Jersey* vs. *Wilson,* (7 Cranch, 164;) *Jackson* vs. *Lamphere,* (3 Peters, 280;) *Providence Bank* vs. *Billings,* (4 Peters, 514;) *Charles River Bridge* vs. *Warren Bridge,* (11 Peters, 490;) *Gordon* vs. *Appeal Tax Court,* (3 Howard, 133;) *Maryland* vs. *Baltimore and Ohio Railroad Co.,* (3 Howard, 576;) *West River Bridge Co.* vs. *Dix,* (6 Howard, 507;) *Bronson* vs. *Kenzie,* (1 Howard, 111;) *Planters' Bank* vs. *Sharp,* (6 Howard, 301;) *Phalen* vs. *Virginia,* (8 Howard, 163;) *Woodruff* vs. *Trapnall,* (10 Howard, 190;) *Poup* vs. *Drew,* (10 Howard, 218;) *Baltimore & Susquehanna Railroad Company* vs. *Nesbit,* (10 Howard, 395;) *Butler* vs. *Pennsylvania,* 10 Howard, 402;) *East Hartford* vs. *Hartford Bridge Company,* (10 Howard, 511;) *League* vs. *De Young,* (11 Howard, 105;) *Pennsylvania* vs. *Wheeling & Belmont Bridge Co.,* (13 Howard, 518;) *State Bank of Ohio* vs. *Knoop,* (16 Howard, 369;) *Ohio Life Insurance Co.* vs. *Debolt,* (16 Howard, 416;) *Christ Church* vs. *County of Philadelphia,* (20 Howard, 28;) *Terrett* vs. *Taylor,* (9 Cranch, 43;) *Clark's Executor* vs. *Van Reinsdyk,* (9 Cranch, 133;) *Sturges* vs. *Commonwealth,* (4 Wheaton, 122;) *Farmers & Mechanics' Bank* vs. *Smith,* (6 Wheaton,

131;) *Ogden* vs. *Saunders*, (12 Wheaton, 213;) *Mumma* vs. *Potomac Co.*, (8 Peters, 181;) *Beers* vs. *Haughton*, (9 Peters, 329;) *Gantley's Lessee* vs. *Ewing*, (3 Howard, 707;) *Cook* vs. *Moffat*, (5 Howard, 295;) *Crawford* vs. *Bank of Mobile*, (7 Howard, 279;) *Curran* vs. *Arkansas*, (15 Howard, 304.)

It is not necessary that it should be *expressed* on the record that the validity of the act was in controversy; it is sufficient that it appear by clear and necessary *intendment* that a question which this court has jurisdiction to re-examine was actually decided by the State court. *Medberry* vs. *Ohio*, (24 How., 413;) *Commercial Bank of Cincinnati* vs. *Buckingham's Executors*, (5 How. 317, 341;) *Smith* vs. *Hunter*, (7 How., 738;) *Neilson* vs. *Logan*, (12 How., 98;) *Williams* vs. *Oliver*, (12 How., 111;) *Grand Gulf Railroad* vs. *Marshall*, (12 How., 165;) *Lawler* vs. *Walker*, (16 How., 149;) *Maxwell* vs. *Newbold*, (18 How., 511;) *Christ Church* vs. *Philadelphia*, (20 How., 26.)

Mr. Justice GRIER. The writ of error in this case suggests, as a foundation for the jurisdiction of this court, "that there was drawn in question the validity of a statute of said Commonwealth, to wit, an act of the legislature, passed the 15th day of June, 1805, entitled 'An act declaring and confirming the incorporation of the proprietors of the meeting-house in Federal street,' in the town of Boston, being repugnant to the Constitution of the United States, and the decision of the court was in favor of the validity of said statute."

Is this suggestion of the writ supported by the record, either by direct averment, or by any necessary intendment?

We think it is not.

1. The decree of the court is, simply, that the bill be dismissed without any reasons alleged for such dismissal.

2. The bill itself raises no such issue; it refers to the act in question, only as conferring the privilege of a corporation on the defendant. It does not aver that the defendants pretend to have title to the property in question by virtue thereof, and challenge its validity.

The answer alleges that respondents were incorporated by the act of 1805, and that, "under it, they are the true and sole

owners of the premises, and that said act was passed on the application and petition of parties who, prior thereto, were owners of pews, or tenants in common of the land and the house thereon." It is not alleged that the act "*proprio vigore*" divested the plaintiff's title and vested it in the corporation, but that the title was vested in the corporation at the request of the owners.

The only questions, therefore, which could arise on these pleadings were, whether the persons who obtained the act of incorporation were the owners, and whether, after an adverse possession of forty years, a court of equity would interfere to disturb the possession of respondents.

The answer takes issue on the charge of the bill, that Little and his associates had contributed land and money to support a public *charity;* it averred that, on a proper construction of the original deed of the premises, the meeting-house was not dedicated to a charitable use, but was erected for their common use, and held by them in proportion to the sums severally contributed; and, consequently, if the representatives of these tenants in common had their rights transferred to the corporation, it was only a transfer of their rights by their consent, and for their own convenience—an enabling act, with which the complainants had no concern. The issue, then, was not on the validity of the act, but on the construction of the original deed or agreement of the parties who built the meeting-house. The validity of the act of assembly of Massachusetts was not, therefore, drawn in question directly by any averment of the pleadings by the decree, or by any necessary intendment from other averments in the pleadings, or evidence on the record.

The opinion of the State court to be found in 3 Gray, 1, confirms this conclusion.

The case is, therefore, dismissed for want of jurisdiction.
    *Writ of error dismissed.*